Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
Sophia N. Tarazi, CA SBN 329721
Derek W. Li, SBN 150122
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA  90012
Telephone: (213) 785-3077
Facsimile: (213) 894-1301
E-mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. |
|---|---|
| Petitioner, v. | **PETITIONER EEOC'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING ITS APPLICATION FOR ORDER TO SHOW CAUSE WHY ITS SUBPOENAS SHOULD NOT BE ENFORCED; DECL. OF COUNSEL; EXHIBITS** |
| SEPHORA USA, INC., | |
| Respondent. | |

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ........................... 2

  A. To Investigate the Charge of Discrimination, the EEOC Attempted to
     Obtain Relevant Information and Documents from Respondent. ................. 2

  B. The EEOC Issued Subpoenas for Information and Documents Relevant to
     its Investigation but Respondent Failed to Comply. ..................................... 4

III.  ARGUMENT ........................................................................................... 5

  A. ENFORCEMENT OF THE EEOC'S SUBPOENAS IS WARRANTED
     BECAUSE THE EEOC HAS SATISFIED THE REQUIREMENTS FOR
     ENFORCEABLE SUBPOENAS ................................................................... 5

    1.  The EEOC Acted within its Statutory Authority. ...................................... 7

    2.  The EEOC Fulfilled all Procedural Prerequisites for the Issuance of the
        Subpoenas Served on Respondent. ............................................................ 7

    3.  The Documents and Information Subpoenaed by the EEOC are Relevant
        and Material to its Investigation of Claims of Religious Discrimination. . 9

        a.  The EEOC Has Broad Authority to Seek Information and
            Documents Relevant to its Investigation of a Charge of
            Discrimination. ..................................................................................... 9

        b.  The EEOC's Subpoenas Seek Documents and Information
            Relevant to its Investigation of the Charge of Discrimination
            alleging Respondent Discriminated Against the Charging Party and
            a Class of Individuals Based on Their Religion. ............................ 11

  B. RESPONDENT CANNOT ESTABLISH THAT THE SUBPOENAS ARE
     TOO INDEFINITE, HAVE BEEN ISSUED FOR AN ILLEGITIMATE
     PURPOSE, OR ARE UNDULY BURDENSOME. ..................................... 16

IV.   CONCLUSION ..................................................................................... 19

EEOC's Mem. P. & A. Supp. Appl. for
Order to Show Cause re: Subpoena
*EEOC v. Sephora USA, Inc.*

i

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

5
*Blue Bell Boots Inc. v. EEOC,*
   418 F.2d 355 (6th Cir. 1969)............................................................................. 10

6
7
*Bradley v. Lumber Co. v. NLRB,*
   84 F.2d 97 (5th Cir. 1936) ................................................................................. 18

8
9
*EEOC v. Aaron Brothers*,
   620 F. Supp. 2d 1102 (C.D. Cal. 2009)............................................................. 17

10
11
*EEOC v. Altec Indus., Inc.,*
   2012 WL 2295621 (W.D.N.C. June 2012) ....................................................... 15

12
13
*EEOC v. American Nat'l Bank*,
   652 F.2d 1176 (4th Cir. 1981) ........................................................................... 14

14
15
*EEOC v. Autozone, Inc.*,
   258 F. Supp. 2d 822 (W.D. Tenn. 2003) ........................................................... 15

16
17
18
*EEOC v. Children's Hosp. Med. Ctr.*,
   719 F.2d 1426 (9th Cir. 1983) *overruled on other grounds as
   recognized in Prudential Ins. Co v. Lai*, 42 F.3d. 1299 (9th Cir.
   1994).................................................................................................................... 16

19
20
*EEOC v. Chrysler Corp.*,
   567 F.2d 754 (8th Cir. 1977)............................................................................. 10

21
22
*EEOC v. Citicorp Diners Club, Inc.*,
   985 F.2d 1036 (10th Cir. 1993)........................................................... 11, 17, 18

23
24
*EEOC v. Dean Witter Co., Inc.*,
   643 F.2d 1334 (9th Cir. 1980)............................................................................. 9

25
26
*EEOC v. Dinuba Medical Clinic*,
   222 F.3d 580 (9th Cir. 2000)............................................................................. 11

27
28
*EEOC v. Fed. Express Corp.*,
   558 F.3d 842 (9th Cir. 2009)........................................................... 6, 9, 11, 13

EEOC's Mem. P. & A. Supp. Appl. for
Order to Show Cause re: Subpoena
*EEOC v. Sephora USA, Inc.*

*EEOC v. Ford Motor Credit Co.*,
  26 F.3d 44 (6th Cir. 1994) ............................................................. 10, 15

*EEOC v. Franklin and Marshall College*,
  775 F.2d 110 (3rd Cir. 1985) .................................................................. 10

*EEOC v. Kronos Inc.*,
  620 F.3d 287 (3d Cir. 2010) ............................................................. 10, 15

*EEOC v. Lakeside Bldg. Maintenance, Inc.*,
  255 F. Supp. 2d 871 (N.D. Ill. 2003) ..................................................... 13

*EEOC v. Maryland Cup Corp.*,
  785 F.2d 471 (4th Cir. 1986), *cert. denied*, 479 U.S. 815 (1986) .......... 15, 17, 18

*EEOC v. McLane Co. Inc.*,
  804 F.3d 1051 (9th Cir. 2015), *vacated on other grounds*, *McLane
  Co., Inc. v. EEOC*, 581 U.S. 72 (2017) ................................................ 16

*EEOC v. McLane Co., Inc.*,
  857 F.3d 813 (9th Cir. 2017) .................................................................. 10

*EEOC v. Randstad*,
  685 F.3d 433 (4th Cir. 2012) ....................................................... 14, 15, 17, 18

*EEOC v. Roadway Exp., Inc.*,
  750 F.2d 40 (6th Cir. 1984) .................................................................... 10

*EEOC v. Roadway Express, Inc.*,
  261 F.3d (6th Cir. 2001) ......................................................................... 10

*EEOC v. Schwan's Home Serv.*,
  644 F.3d 742 (8th Cir. 2011) .................................................................. 13

*EEOC v. Shell Oil Co.*,
  466 U.S. 54 (1984) ............................................................................. 7, 10

*EEOC v. United Air Lines*,
  287 F.3d 643 (7th Cir. 2002) ............................................................ 16, 17

*EEOC v. Waffle House, Inc.*,
  534 U.S. 279 (2002) ................................................................................ 11

EEOC's Mem. P. & A. Supp. Appl. for
Order to Show Cause re: Subpoena
*EEOC v. Sephora USA, Inc.*

*FTC v. Standard Oil Co.*,
    449 U.S. 232 (1980) ........................................................................ 6

*FTC v. Texaco, Inc.*,
    555 F.2d 862 (D.C. Cir. 1977) ...................................................... 18

*Georgia Power Co. v. EEOC*,
    412 F.2d 462 (5th Cir. 1969) ........................................................ 10

*James v. Newspaper Agency Corp.*,
    591 F.2d 579 (10th Cir. 1979) ...................................................... 15

*McLane Co. Inc. v. EEOC*,
    581 U.S. 72 (2017) ........................................................ 5, 6, 9, 10, 16

**Statutes**

42 U.S.C. § 2000e-5 ........................................................................ 7

42 U.S.C. § 2000e-5(b) .................................................................... 7

42 U.S.C. § 2000e-8(a) ................................................................ 7, 9

42 U.S.C. § 2000e-9 ........................................................................ 7

42 U.S.C. §12117(a) ........................................................................ 9

**Other Authorities**

29 C.F.R. § 1601.12 ........................................................................ 7

29 C.F.R. § 1601.16 .................................................................... 7, 8

iv

EEOC's Mem. P. & A. Supp. Appl. for
Order to Show Cause re: Subpoena
*EEOC v. Sephora USA, Inc.*

# I.   INTRODUCTION

The U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") brings this subpoena enforcement action seeking an Order to Show Cause why the EEOC's subpoenas served on Sephora USA, Inc. ("Respondent") should not be enforced. The EEOC is currently investigating a charge of discrimination based on religion against Respondent under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq. ("Title VII"). Specifically, on March 24, 2021, the Charging Party filed a charge of discrimination alleging that Respondent discriminated against her and other individuals based on religion.

The EEOC is statutorily authorized to investigate charges of discrimination. Respondent's failure to comply with the EEOC's repeated requests to cooperate with its investigation compelled EEOC to issue Subpoena No. LA-24-116 and Subpoena No. LA-24-120 ("Subpoenas"). The Subpoenas sought information and documents relevant to the EEOC's investigation into whether the Respondent discriminated against the Charging Party and a class of employees as alleged in the Charge. Respondent objected by filing Petitions to Revoke / Modify the Subpoena. The EEOC subsequently denied Respondent's objections and attempted to resolve the dispute without judicial intervention. Defendant has not agreed to a resolution and has continued to fail to comply with the Subpoenas.

Respondent's failure to comply with the EEOC's Subpoenas has delayed and hampered the EEOC's investigation of the Charge of discrimination. Thus, the EEOC applies to this Court to issue an Order to Show Cause why Subpoena No. LA-24-116 and Subpoena No. LA-24-120 should not be enforced.

//
//
//
//
//

Memorandum of Points & Authorities,
Application for Order to Show Cause
*EEOC v. Sephora USA, Inc.*

## II.    FACTUAL AND PROCEDURAL BACKGROUND

**A.    To Investigate the Charge of Discrimination, the EEOC Attempted to Obtain Relevant Information and Documents from Respondent.**

On March 24, 2021, the Charging Party filed a Charge of Discrimination, Charge No. 480-2021-01446, against Respondent Sephora. (Li Decl. at ¶¶ 2a and 3; Ex. 1 (Charge)). Petitioner is a beauty retailer with many locations worldwide, including hundreds of stores in the United States. (Li Decl. at ¶ 3). Its headquarters are in San Francisco, California. (*Id.*). The Charging Party alleged that Respondent discriminated against her and a class of employees based on their religion. (Li Decl. at ¶¶ 2a and 3; Ex. 1 (Charge)).

According to the Charge, Respondent Sephora hired the Charging Party in June 2011 and she later became a Beauty Advisor at Sephora's San Luis Obispo location. (Li Decl. at ¶¶ 2a and 4; Ex. 1 (Charge)). From August 2018 to October 2020, Respondent Sephora had accommodated her religious belief of being a Jehovah's Witness by allowing her to work a modified schedule as a part-time employee so she could devote the rest of the week, including weekends, to her religious work and worship. (*Id.*).

In October or November 2020, Respondent's Store Director, District Manager and Human Resources Representative informed the Charging Party that she had to open up her schedule to work weekends. (Li Decl. at ¶¶ 2a and 5; Ex. 1 (Charge)). They informed her that this change was due to the effects of the pandemic and because of Respondent's Sephora's Availability Guidelines. (*Id.*). In response, Charging Party submitted a request for religious accommodation of her religious beliefs to Respondent Sephora's District Manager and Human Resources Representative to maintain her current work schedule. (*Id*). On January 26, 2021, Respondent's Store Manager informed the Charging Party that her requests were denied. (*Id.*). When the Charging Party informed Respondent that she could not change her schedule, Respondent terminated her employment on March 4, 2021.

Memorandum of Points & Authorities,
Application for Order to Show Cause
*EEOC v. Sephora USA, Inc.*

1   (*Id.*). The Charge alleges that Respondent discriminated against Charging Party

2   and a class of individuals based on their religion in violation of Title VII of the

3   Civil Rights Act of 1964, as amended. (*Id.*).

4       Subsequent to the Charge, the EEOC began its investigation by seeking

5   documents and information relevant to the allegations of the Charge. The EEOC

6   also sought Respondent's response to the Charge. Respondent denied that it had

7   discriminated against the Charging Party based on her religion. (Li Decl. at ¶ 6).

8   Respondent asserted that it tried to accommodate the Charging Party's religious

9   beliefs but could not do so due to undue hardship to schedule sufficient employees

10   to meet customer demand. (*Id.*).

11       Respondent elaborated on its Availability Guidelines underlying its decision

12   not to accommodate the Charging Party's religious accommodation requests. In

13   May 2019, Respondent Sephora implemented its Beauty Advisor Availability

14   Guidelines and Procedures. (Li Decl. at ¶ 7; Ex. 2 (Respondent's Availability

15   Guidelines)). The Availability Guidelines require that: "All Beauty Advisors,

16   regardless of status, should be available to work five of eight Weekend Days in a

17   4-week period …." (*Id.*). Respondent Sephora confirmed during the investigation

18   that the Availability Guidelines apply to all stores and Beauty Advisor employees

19   nationwide and are enforced at the store level. (Li Decl. at ¶ 7).

20       To investigate the allegations in the Charge for the Charging Party and a

21   class of employees who were allegedly discriminated against based on their

22   religion, the Commission issued Requests for Information ("RFI"), including RFIs

23   seeking information and/or documents relating to all employees who requested

24   reasonable accommodation from March 1, 2020 to the present for the geographical

25   scope of the implementation of the Availability Guidelines. (Li Decl. at ¶ 8). The

26   Commission also issued RFIs seeking the identity, employment, and contact

27   information of employees in management and human resources and employees

28   who worked as Beauty Advisors from May 1, 2019 to the present. (*Id.*).

Memorandum of Points & Authorities,
Application for Order to Show Cause
*EEOC v. Sephora USA, Inc.*

Respondent Sephora failed to comply with the Commission's RFIs seeking the above information. (*Id.*).

**B.    The EEOC Issued Subpoenas for Information and Documents Relevant to its Investigation but Respondent Failed to Comply.**

After the Commission's efforts to convince Petitioner to comply fully with the EEOC's RFI were unsuccessful, the EEOC served Subpoena No. 24-116 on March 18, 2024, seeking a list of employees who had requested accommodations due to religious reasons from March 1, 2020 to the present for the geographical scope of the implementation of the Availability Guidelines, including names, contact information, and employment information. Subpoena No. 24-116 also sought documentation of their religious accommodation requests. (Li Decl. at ¶¶ 2c, 8; Ex. 3 (Subpoena No. 24-116)).

On March 22, 2024, Respondent Sephora sent to the Commission its Petition to Revoke or Modify Subpoena. (Li Decl. at ¶ 10). Respondent's objections to the Subpoena included lack of relevance, overbreadth, and burdensomeness. (*Id.*). Respondent Sephora also represented that it did not have a central repository or database for religious accommodation requests. *(Id.*).

In response to Respondent Sephora's claim of undue burden to gather the information and documents sought by Subpoena No. 24-116, the Commission also served Subpoena No. 24-120 on April 19, 2024 to seek information so that it could contact Respondent's employees directly. Subpoena No. 24-120 seeks the identity, background employment information, and contact information of store directors, district managers, regional directors, human resources partners and/or employee relations representatives employed by Sephora from May 1, 2019 to the present. (Li Decl. at ¶¶ 2d, 11; Ex. 4 (Subpoena No. 24-120)). Subpoena No. 24-120 also seeks the same information for the Beauty Advisors companywide at any time from May 1, 2019 to the present. (*Id.*).

1   On April 26, 2024, Petitioner sent to the Commission its Petition to Revoke
2   or Modify Subpoena No. 24-120. (Li Decl. at ¶ 12). Respondent's objections to the
3   Subpoena included lack of relevance, overbreadth, and burdensomeness. (*Id.*).

4   On August 21, 2024, the EEOC sent its Determination to Respondent
5   Sephora denying Defendant's Petitions to Revoke and Modify Subpoena in their
6   entirety. (Li Decl. at ¶ 13). The EEOC's Determination also instructed Respondent
7   to produce responsive documents by September 5, 2024. (*Id.*). Respondent did not
8   produce any of the subpoenaed documents. (*Id.*). Instead, Respondent Sephora
9   requested on September 10, 2024 a reconsideration of the EEOC's Determination.
10  (*Id.*).

11  Before proceeding to Court with this Subpoena Enforcement Action, the
12  EEOC attempted once again to resolve Respondent's failure to comply with the
13  Subpoenas. (Li Decl. at ¶ 14). Starting on October 14, 2024 through July 15, 2025,
14  the EEOC engaged with Respondent Sephora in multiple conference calls and
15  email exchanges. (*Id.*). The EEOC explained that it stood by its Determination and
16  offered compromises to resolve the dispute. (*Id.*). However, because the Parties
17  could not agree on a resolution to the Subpoenas, the EEOC files this Subpoena
18  Enforcement Action seeking the Court's assistance to resolve the dispute. (*Id.*).

19  ## III.    ARGUMENT

20  **A.    ENFORCEMENT OF THE EEOC'S SUBPOENAS IS WARRANTED**
21  **BECAUSE THE EEOC HAS SATISFIED THE REQUIREMENTS**
22  **FOR ENFORCEABLE SUBPOENAS.**

23  Judicial review of an EEOC subpoena is very limited. According to the
24  Supreme Court, a district court's role in an EEOC subpoena enforcement
25  proceeding is a straightforward one. *McLane Co. Inc. v. EEOC*, 581 U.S. 72, 76-77
26  (2017). The Supreme Court instructed that:

27          A district court is not to use an enforcement proceeding
28          as an opportunity to test the strength of the underlying

Memorandum of Points & Authorities,
Application for Order to Show Cause
*EEOC v. Sephora USA, Inc.*

1    complaint. (citation omitted). Rather, a district court
2    should "'satisfy itself that the charge is valid and that the
3    material is "relevant" to the charge.'" (citation omitted).
4    It should do so cognizant of the "generou(s)"
5    construction that courts have given the term relevant."
6    (citation omitted). If the charge is proper and the material
7    requested is relevant, the district court should enforce the
8    subpoena unless the employer establishes that the
9    subpoena is "too indefinite," has been issued for an
10   issued for an "illegitimate purpose," or is unduly
11   burdensome. (citations omitted).

12 *Id.*; *see also EEOC v. Fed. Express Corp.*, 558 F.3d 842, 848 (9th Cir. 2009)

13 (citations omitted) ("The critical questions are: (1) whether Congress has granted

14 the authority to investigate; (2) whether the procedural requirements have been

15 followed; and (3) whether the evidence is relevant and material to the

16 investigation."). The judicial inquiry is narrow because "'judicial review of early

17 phases of an administrative inquiry results in interference with the proper

18 functioning of the agency and delays resolution of the ultimate question whether

19 the Act was violated.'" *Fed. Express Corp.*, 558 F.3d at 848, 849 (quoting *EEOC*

20 *v. Shell Oil Co.*, 466 U.S. 54, 81 n. 38 (1984) (citing *FTC v. Standard Oil Co.*, 499

21 U.S. 232, 241-43 (1980)).

22        Here, the Court should grant the EEOC's Application to Show Cause as

23 EEOC has acted within its statutory authority and has met the procedural

24 requirements for issuance of valid subpoenas. The information and documents

25 subpoenaed are relevant and material to the investigation. Thus, the Subpoenas are

26 not for an illegitimate reason. The Subpoenas are not too indefinite since the

27 Subpoenas provided specific descriptions of what are to be produced. Finally, the

28

Subpoenas are not unduly burdensome for Respondent to comply with. Therefore, enforcement of the EEOC's Subpoenas is warranted.

### 1.    The EEOC Acted within its Statutory Authority.

Congress has authorized and indeed mandated that the EEOC investigates charges of discrimination that allege violations of Title VII. 42 U.S.C. § 2000e-5(b)). Further, Congress has vested the Commission with broad powers to fulfill its investigatory responsibilities, authorizing the EEOC to subpoena any information "that relates to any matter under investigation or in question." 42 U.S.C. § 2000e-9; *see* 42 U.S.C. § 2000e-5, as referenced in 42 U.S.C. § 2000e-8(a).

Here, the EEOC issued the Subpoenas to investigate a Charge of discrimination filed by the Charging Party alleging that Respondent Sephora discriminated against her and a class of individuals based on their religion in violation of Title VII of the Civil Rights Act of 1964. Therefore, the EEOC acted within its statutory authority by issuing the Subpoenas.

### 2.    The EEOC Fulfilled all Procedural Prerequisites for the Issuance of the Subpoenas Served on Respondent.

An enforceable subpoena requires a valid charge and must also be procedurally valid. *Shell Oil Co.*, 466 U.S. at 65. A valid charge must contain (1) the names and contact information of the charging party(s) and respondent employer; (2) a statement of the facts with dates alleging unlawful employment practices; (3) if known, the approximate number of employees of the respondent employer; and (4) if applicable, disclosure of the date and location of proceedings involving the same alleged conduct before another agency. 29 C.F.R. § 1601.12. For an administrative subpoena to be procedurally valid, an EEOC administrative subpoena must "state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested." 29 C.F.R. § 1601.16. Additionally,

Memorandum of Points & Authorities,
Application for Order to Show Cause
*EEOC v. Sephora USA, Inc.*

1  the "subpoena must be returnable to a duly authorized investigator or other

2  representative of the Commission." *Id.*

3     Here, the Charging Party filed the Charge alleging that Respondent

4  discriminated against her and a class of individuals based on their religion in

5  violation of Title VII of the Civil Rights Act of 1964, as amended. The Charge of

6  Discrimination includes the names and contact information for the Charging Party

7  and the employer with an estimate of its number of employees. It also provides a

8  statement of facts generally describing the alleged unlawful employment practices,

9  including dates of when they occur and where they occur. (Ex. 1 (Charge)).

10  Therefore, the Charging Party's charge satisfies all the necessary requirements for

11  a valid charge.

12     Further, the EEOC's Subpoenas also meet the requirements of valid

13  subpoenas. They state the name and address of the agency issuing the subpoenas,

14  identify Respondent Sephora as the party subpoenaed, and identify with specificity

15  the documents and information to be produced and the time and place of

16  production. (Ex. 3 (EEOC's Subp. 24-116; Ex. 4 (EEOC Subp. 24-120)). The

17  Subpoenas also are returnable to a duly authorized EEOC Investigator. (*Id.*).

18  Moreover, Respondent Sephora received the Subpoenas since it submitted its

19  Petitions to Revoke or Modify the Subpoenas.

20     Therefore, the evidence shows that the EEOC issued the Subpoenas based

21  on a valid charge; and that the Subpoenas contain all the information required for

22  procedurally valid subpoenas. Thus, the EEOC has established that it has met the

23  procedural requirements to enforce the Subpoenas.

24  //

25  //

26

27

28

Memorandum of Points & Authorities,
Application for Order to Show Cause
*EEOC v. Sephora USA, Inc.*

**3.    The Documents and Information Subpoenaed by the EEOC are Relevant and Material to its Investigation of Claims of Religious Discrimination.**

    **a.    The EEOC Has Broad Authority to Seek Information and Documents Relevant to its Investigation of a Charge of Discrimination.**

Section 709(a) of Title VII of the Civil Rights Act, which is incorporated into the ADA, grants the EEOC broad investigatory powers. 42 U.S.C. § 2000e-8(a); 42 U.S.C. §12117(a); *McLane Co. v. EEOC,* 581 U.S. at 76; *EEOC v. Dean Witter Co., Inc.*, 643 F.2d 1334, 1338 (9th Cir. 1980). The statute permits access to "any evidence of any person being investigated . . . that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation."  42 U.S.C. § 2000e-8(a). The term "relevant" as used in Section 709(a) encompasses "virtually any material that might cast light on the allegations against the employer."  *McLane Co.*, 581 U.S. at 76-77 (citing *Shell Oil Co.,* 466 U.S. at 68-69); *Fed. Express Corp.*, 558 F.3d at 854. Thus, the relevance standard that applies to an EEOC investigation is broader than the relevance standard that applies during litigation. *EEOC v. McLane Co., Inc.*, 857 F.3d 813, 815 (9th Cir. 2017); *Fed. Express Corp.*, 558 F.3d at 854.

> The relevance limitation imposed by § 2000e–8(a) "is not especially constraining." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68 (1984). . . The question is not whether the evidence sought would tend to prove a charge of unlawful discrimination. At the investigative stage, the EEOC is trying to determine only whether "reasonable cause" exists "to believe that the charge is true." 42 U.S.C. § 2000e–5(b). So the relevance standard in this context sweeps more broadly than it would at trial.

1    *McLane Co., Inc*., 857 F.3d at 215 (Emphasis added).

2          Moreover, "the EEOC's investigatory power is broader than the four corners

3    of the charge; it encompasses not only the factual allegations contained in the

4    charge, but also any information that is relevant to the charge." *EEOC v. Kronos*

5    *Inc.*, 620 F.3d 287, 299 (3d Cir. 2010). Thus, the EEOC can even investigate

6    potential claims not specifically alleged in the underlying charge or seek claimants

7    who did not themselves file a charge. *EEOC v. Roadway Exp., Inc.*, 750 F.2d 40,

8    43 (6th Cir. 1984) (allowing investigation into information other than the

9    information specifically alleged by the complainants); *Blue Bell Boots Inc. v.*

10   *EEOC*, 418 F.2d 355, 358 (6th Cir. 1969); *Georgia Power Co. v. EEOC,* 412 F.2d

11   462, 468 (5th Cir. 1969). Data regarding employees other than the Charging Party

12   also provides important comparative information that "is absolutely essential to a

13   determination of discrimination." *EEOC v. Ford Motor Credit Co*., 26 F.3d 44, 47

14   (6th Cir. 1994); *EEOC v. Roadway Express, Inc*., 261 F.3d at 642 (6th Cir. 2001)

15   (quoting *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994)).

16         Further, enforcement of an EEOC administrative subpoena is not contingent

17   upon some threshold of proof that the underlying charge is meritorious. "[T]he

18   [EEOC] may insist that the employer disgorge any evidence relevant to the

19   allegations of discrimination contained in the charge, regardless of the strength of

20   the evidentiary foundation for those allegations."  *Shell Oil Co.*, 466 U.S. at 72; *see*

21   *also EEOC v. Chrysler Corp.*, 567 F.2d 754, 755 (8th Cir. 1977) ("[r]easonable

22   cause for finding a Title VII violation need not be established before an

23   administrative subpoena may be validly issued"). Rather, the function of such

24   investigative subpoenas is for the Commission to establish whether there is

25   reasonable cause for the allegations of discrimination. *Chrysler Corp.*, 567 F.2d at

26   755. Further, "[a]n alleged perpetrator of discrimination cannot be allowed to pick

27   and choose the evidence which may be necessary for an agency investigation."

28   *EEOC v. Franklin and Marshall College*, 775 F.2d 110, 116 (3rd Cir. 1985).

Memorandum of Points & Authorities,
Application for Order to Show Cause
*EEOC v. Sephora USA, Inc.*

The EEOC's broad investigatory authority serves a greater purpose than merely investigating a charge on behalf of one individual. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 287-88 (2002). Congress has empowered the EEOC to "'vindicate the public interest, which is broader than the interest of the charging parties.'" *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993); *Fed. Express Corp.*, 558 F.3d at 850 (finding that the EEOC subpoena did not exceed the scope of its investigatory powers where the EEOC had already issued a right to sue notice as the EEOC may continue to investigate "a possible policy or pattern of discrimination affecting others").

Here, the Charge alleged that Respondent Sephora discriminated not only against the Charging Party but also a class of individuals based on their religion. Based on the Charge and the legal authorities cited above, the EEOC is authorized to seek class-wide relief or relief for other employees who were victims of discrimination. *See EEOC v. Dinuba Medical Clinic*, 222 F.3d 580, 587-88 (9th Cir. 2000) (citing *General Tel. Co. v. EEOC*, 446 U.S. 318, 320, 323 (1980)).

> **b.    The EEOC's Subpoenas Seek Documents and Information Relevant to its Investigation of the Charge of Discrimination alleging Respondent Discriminated Against the Charging Party and a Class of Individuals Based on Their Religion.**

The Charge of Discrimination alleges that Respondent Sephora discriminated against the Charging Party and a class of individuals based on their religion. To investigate the allegations, the EEOC's Subpoenas seek the identity, employment information, and contact information of employees who requested religious accommodation, Beauty Advisors, human resources, and management employees.

Information about employees who requested religious accommodation and Beauty Advisors is relevant to the investigation of the allegations in the Charge.

Information of those who had requested religious accommodation and Beauty Advisors enables the Commission to ask these employees directly about their religious accommodation requests and how Respondent Sephora has responded to such requests.

Similarly, information of the identity, employment, and contact information of those employees in management and human resources position enables the EEOC to ask them about their experiences of receiving and resolving religious accommodation requests and Respondent Sephora's responses to such requests. As illustrated by the Charging Party's charge of discrimination, store management, district management, and human resources were all involved in addressing her religious accommodation requests.

Further, the Subpoenas seek information and documents to investigate Respondent Sephora's undue hardship argument against accommodating religious accommodation requests. In response to the Charge, Respondent asserted that it could not accommodate the Charging Party's religious accommodation requests due to the undue hardship to schedule sufficient employees to meet customer demand. Interviewing Respondent's employees enables the Commission to investigate whether adjusting the schedules of its employees to accommodate employees requesting accommodation based on religious reasons is unduly burdensome.

The need for the EEOC to contact these employees directly is even more imperative since Respondent Sephora has represented that it does not have a central repository or database for religious accommodation requests. (Li Decl. at ¶ 10). Without a central repository, the ability for the EEOC to contact directly employees who made requests for religious accommodation and who might receive or resolve such requests as managers and human resources is even more important to determine whether religious accommodation requests were made and how Respondent Sephora handled those requests. Even if Respondent is willing to

canvass its management and human resources employees to comply with the Subpoenas, there is still a need for the EEOC to receive identity and contact information of those who made and who received and handled religious accommodation requests to confirm the accuracy and thoroughness of Respondent Sephora's response.

While the Charge was brought by a single individual, investigating religious accommodation requests from other employees is relevant to the investigation of the Charge. Knowing how Respondent Sephora handled other religious accommodation requests is relevant to determine whether it discriminated against the Charging Party based on her religion as a Jehovah Witness when it denied her requested accommodation as compared to how they treat employees of other religious beliefs. Further, the Charge alleges discrimination based on religion not only against the Charging Party and also against a class of employees. Also, the alleged discrimination is based on Respondent's Sephora's implementation of its Availability Guidelines which have been applied to other employees nationwide. Due to the allegations of the Charge, the EEOC is justified in investigating other employees who made religious discrimination requests and how Respondent Sephora handled such requests.

Moreover, when an individual brings a charge that "raises the specter of systemic discrimination, the EEOC has the authority to investigate charges of discrimination beyond the alleged individual discrimination specifically committed against [the charging party]." *Fed. Exp.*, 558 F.3d at 855; *EEOC v. Schwan's Home Serv.,* 644 F.3d 742, 748 (8th Cir. 2011) (permitted EEOC to subpoena information relevant to systemic gender discrimination even without a systemic charge when its investigation into the individual charge revealed potential systemic gender discrimination); *EEOC v. Lakeside Bldg. Maintenance, Inc.,* 255 F. Supp. 2d 871 (N.D. Ill. 2003) (holding that the EEOC may investigate hiring and assignment based on national origin at all locations even though the charging party worked at

one location and desired to withdraw her charge); *see also EEOC v. American Nat'l Bank*, 652 F.2d 1176, 1185 (4th Cir. 1981) (EEOC could litigate claims at locations other than the charging party's location when the challenged discriminatory practices were implemented at other locations).

The geographic scope of the Subpoenas requests is appropriate since Respondent Sephora acknowledged that the Availability Guidelines are implemented nationwide. The denial of accommodation alleged here is not simply the arbitrary decision by one local store manager or even the district manager. The denial of religious accommodation request was based on Respondent Sephora's Availability Guidelines which have been implemented nationwide. To fully investigate the Charge, the EEOC's investigation needs to conduct a nationwide investigation to determine how the Availability Guidelines have been implemented affecting those employes who have requested religious accommodation requests. Because of the Charge and the alleged discriminatory implementation of a nationwide policy, the EEOC is authorized to conduct an investigation as to the full scope of the implementation of the policy. Any limit in the geographic scope of the Subpoenas to a few stores or a sales district would prevent the EEOC from investigating the full impact of Respondent Sephora's nationwide policy as alleged in the Charge.

The temporal scope of the Subpoenas is also relevant to the investigation of Respondent Sephora's implementation of the Availability Guidelines to religious accommodation requests. Subpoena No. LA-24-116 seeks information and documents from March 2020 to the present and Subpoena No. LA-24-120 seeks information from May 2019 to the present. The EEOC has broad discretion to determine the appropriate time frame for its investigation. *See EEOC v. Randstad*, 685 F.3d 433, 451 (4th Cir. 2012). The time frame of the Subpoenas is reasonable considering that the Availability Guidelines has been in effect since May 2019. The information is relevant to determine other class members and to provide

Memorandum of Points & Authorities,
Application for Order to Show Cause
*EEOC v. Sephora USA, Inc.*

context to evaluate Petitioner's implementation of the Availability Guidelines. Evidence related to the employment practice under investigation prior to and after the charge provides valuable context that may assist the EEOC in determining whether discrimination occurred. *See Kronos, Inc.*, 620 F.3d at 299. The temporal time frame of the Subpoena is well within timeframes found reasonable by the courts in subpoena enforcement actions. *See, e.g., id.; Randstad*, 685 F.3d at 451 (the thirteen office, five-year scope of the subpoena was not an unreasonable exercise of the EEOC's discretion); *Ford Motor Credit Co.*, 26 F.3d at 47-48 (allowing subpoena seeking information from almost four years prior to the charge); *see also EEOC v. Maryland Cup Corp.*, 785 F.2d 471, 474-475, 478 (4th Cir. 1986), *cert. denied*, 479 U.S. 815 (1986) (allowing subpoena seeking information for more than three years prior to the charge).[1]

Thus, both Subpoena LA-24-116 and Subpoena LA-120 seek information and documents relevant and material to its investigation of the Charging Party's claims that Respondent discriminated against her and a class of individuals based on their religion. Since the Commission also has established all the procedural requirements for the Subpoenas to be enforced, the Subpoenas are enforceable.

//

//

//

//

---

[1]    This wide scope is not only true in subpoena enforcement, but in discovery during litigation as well. Indeed, "(c)ourts typically will permit discovery in employment discrimination cases to cover a reasonable number of years *before and after* the alleged discrimination." *EEOC v. Autozone, Inc.*, 258 F. Supp. 2d 822, 831 (W.D. Tenn. 2003) (nine years prior to charge) (emphasis added); *James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir. 1979) (four years prior to discriminatory act); *EEOC v. Altec Indus., Inc.*, 2012 WL 2295621, at *2 (W.D.N.C. June 2012) (six years prior to discriminatory practice).

**B.      RESPONDENT CANNOT ESTABLISH THAT THE SUBPOENAS ARE TOO INDEFINITE, HAVE BEEN ISSUED FOR AN ILLEGITIMATE PURPOSE, OR ARE UNDULY BURDENSOME.**

Once the EEOC has established that its subpoena is procedurally valid and relevant to its investigation, the subpoena is enforceable unless the employer establishes that the subpoena is too indefinite, has been issued for an illegitimate purpose, or is unduly burdensome. *McLane Co. Inc.*, 581 U.S. at 76-77; *McLane Co. Inc.*, 804 F.3d 1051, 1056 (9th Cir. 2015), *vacated on other grounds by McLane Co., Inc. v. EEOC*, 581 U.S. 72 (2017); *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) *overruled on other grounds as recognized in Prudential Ins. Co v. Lai*, 42 F.3d. 1299, 1303 (9th Cir. 1994); *EEOC v. United Air Lines*, 287 F.3d 643, 653 (7th Cir. 2002).

Here, Respondent cannot establish that EEOC's Subpoenas are too indefinite or have been issued for an illegitimate purpose. Subpoenas No. LA 24-116 and No. LA-24-120 seek specific information and documents about employees who requested religious accommodation and management and human resources employees for specific periods of time. As discussed above, the Subpoenas' requests are relevant to the investigation of the Charging Party's claims against her and a class of employees based on their religious beliefs. The relevancy of the Subpoenas to the EEOC's investigation of the Charge shows that they were not served for an illegal purpose.

The remaining issue is whether the Subpoena is unduly burdensome. Once relevance is established, the burden is on the responding party to demonstrate that the demands are unduly burdensome. *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983), *overruled on other grounds as recognized in Prudential Ins. Co. v. Lai*, 42 F.3d 1299, 1303 (9th Cir. 1994); *see also EEOC v. McLane Co. Inc.*, 804 F.3d 1051, 1056 (9th Cir. 2015), *vacated on other grounds*, *McLane Co., Inc. v. EEOC*, 581 U.S. 72 (2017).

Memorandum of Points & Authorities,
Application for Order to Show Cause
*EEOC v. Sephora USA, Inc.*

To establish undue burden, the employer must establish that to comply with the subpoena would "threaten" or "seriously disrupt" the company's normal business operations. *E.g., EEOC v. CitiCorp. Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993) (citing *Maryland Cup Corp.*, 785 F.2d at 477); *EEOC v. Aaron Brothers*, 620 F. Supp. 2d 1102, 1106 (C.D. Cal. 2009). Undue burden may be shown by comparing the cost of compliance to gather the information with the company's normal operating costs. *Randstad*, 685 F.3d at 451. "Conclusory allegations of burdensomeness are insufficient." *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 653 (7th Cir. 2002). As a result, the burden of proving undue burden is not easily met. *Randstad*, 685 F.3d at 451; *United Air Lines, Inc.*, 287 F.3d at 653. In fact, "[t]he presumption is that compliance should be enforced to further the agency's legitimate inquiry into matters of public interest." *United Air Lines, Inc.*, 287 F.3d at 653.

It is difficult to see how compliance with the Subpoenas would be unduly burdensome. Respondent Sephora is a company with the vast resources of a nationwide business. It likely has much of the contact and employment information of each current and former employee in its computer system, making retrieving such information relatively efficiently. While Respondent Sephora represents that it does not have a central repository of religious accommodation requests, emails or text messages can be sent can be made to management at each store to determine whether local management has any information and documents responsive to the subpoena request asking for information and documents relating to religious accommodation requests. To the extent sending emails or text messages is too difficult for Respondent, Subpoena No. 24-120 seeks the identity and contact information of employees, managers, and human resources employees so the EEOC can contact them directly. Thus, the information sought by the EEOC's Subpoenas further undercuts Respondent's undue burdensome argument.

1    While Respondent Sephora may incur some cost and employee time to

2 comply with the Subpoenas, mere inconvenience is insufficient to establish the

3 undue burden not to enforce a subpoena. *See CitiCorp. Diners Club, Inc.*, 985 F.2d

4 at 1040. "Some burden on subpoenaed parties is to be expected and is necessary in

5 the furtherance of the agency's legitimate inquiry and the public interest." *FTC v.*

6 *Texaco, Inc.*, 555 F.2d 862, 882 (D.C. Cir. 1977); *see also Bradley v. Lumber Co.*

7 *v. NLRB*, 84 F.2d 97, 100 (5th Cir. 1936) (an investigation may "cause some

8 inconvenience" but that is "part of the social burden of living under government").

9 A showing that compliance would incur some costs and employee time is

10 insufficient to show that the subpoena imposes an undue burden to excuse

11 compliance with the subpoena. *E.g., Randstad*, 685 F.3d at 452 (undue burden was

12 not established by a showing that compliance with the subpoena would require

13 three employees working 40 hours each with estimated labor costs of $14,000 -

14 $19,000); *CitiCorp. Diners Club, Inc.*, 985 F.2d at 1040 (undue burden was not

15 established with an affidavit that compliance with the subpoena would require two

16 full-time employees working approximately six months to review the personnel

17 files of 1,100 employees); *Maryland Cup Corp.*, 785 F.2d at 479 (undue burden

18 was not met with a showing that compliance with the subpoena would cost

19 $75,000).

20    Thus, Respondent Sephora cannot establish that compliance with the

21 Subpoenas will be unduly burdensome. Thus, the Subpoenas should be enforced.

22 //

23 //

24 //

25 //

26 //

27 //

28 //

Memorandum of Points & Authorities,
Application for Order to Show Cause
*EEOC v. Sephora USA, Inc.*

# IV.    CONCLUSION

The Commission has established that Subpoena No. 24-116 and Subpoena No. 24-120 satisfy the procedural requirements for subpoena enforcement and are seeking information, documents, and testimony relevant and material to its investigation of the Charge. Further, the evidence does not establish that the subpoenas are too indefinite, that they have been issued for an illegitimate purpose, or that they are unduly burdensome. Thus, the Commission requests the Court to issue the Order to Show Cause why Subpoena No. 24-116 and Subpoena No. 24-120 should not be enforced.

Dated: December 18, 2025                    U.S. EQUAL EMPLOYMENT
                                            OPPORTUNITY COMMISSION

                                    By: /s/ Derek W. Li
                                        Derek W. Li
                                        Attorney for Petitioner EEOC